UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT M. VANZANT,                          :
                                            :
          Plaintiff,                        :     Civil Action No.:    03-1774 (RMU)
                                            :
     v.                                     :     Document No.:        27
                                            :
WASHINGTON METROPOLITAN                     :
AREA TRANSIT AUTHORITY *et al.*,            :
                                            :
          Defendants.                       :

### MEMORANDUM OPINION

GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I.  INTRODUCTION

This matter comes before the court on the defendants' motion for summary judgment. The plaintiff, Robert Vanzant, alleges that his supervisor, defendant James Schreck, intentionally struck him on the head during a meeting during which the defendant hollered, cursed and behaved belligerently towards him. Schreck characterizes the contact as a jocular tap on the back of the head. The plaintiff holds their mutual employer, defendant Washington Metropolitan Area Transit Authority ("WMATA"), jointly liable for Schreck's action. His four-count complaint claims assault, negligent hiring and supervision, and intentional and negligent infliction of emotional distress and seeks both compensatory and punitive damages. The defendants argue that the court should dismiss the case because: (1) § 80 of the WMATA Compact, D.C. Code § 9-1107.01, bars suits against defendant Schreck for any torts committed in the course of his employment; (2) the District of Columbia's Workers' Compensation Act ("WCA"), D.C. Code § 32-1501 *et seq.*, provides the exclusive remedy for the plaintiff's injuries; (3) WMATA possesses immunity from claims of negligent supervision or hiring; (4) the plaintiff's emotional

distress claims fail as a matter of law; and (5) punitive damages are forbidden against a municipality. The plaintiff claims that Schreck's outrageous conduct falls outside the scope of worker's compensation law, entitling the plaintiff to bring a suit for punitive damages against him and his employer. Because there is, in fact, no substantial question as to whether the WCA bars the plaintiff's claims (it does), the court grants the defendants' motion for summary judgment.

## II. FACTUAL & PROCEDURAL BACKGROUND

Except as indicated, the facts are undisputed. The plaintiff is an employee of WMATA in the Office of Accounting. Compl. ¶¶ 7-8. At the time of the events in issue, defendant Schreck was the plaintiff's supervisor. *Id.* ¶ 5. On July 23, 2002, at the conclusion of a meeting in which the parties were conferring over a payroll discrepancy, Schreck slapped the plaintiff on the back of the head after he and the plaintiff realized that the plaintiff had pulled up the wrong pay period on his computer monitor. Def.'s Mot. for Summ. J., Att. B, D. The plaintiff maintains that Schreck "forcibly struck" him, Compl. ¶ 9, delivering a "physical attack as punishment for his failure to follow his supervisor's instructions." Pl.'s Opp'n at 5. Schreck claims he only tapped the plaintiff on the back of the head and made a deprecatory comment in an attempt at light humor. Def.'s Mot. for Summ. J. at 1. Three other employees witnessed the event. *Id.*, Att. A.

On November 13, 2002, Schreck filled out and submitted an Employer's First Report of Injury or Occupational Disease to the D.C. Office of Workers' Compensation. *Id.* at 2, Att. A. Schreck indicated that he first learned of the injury the day following the slap, after the plaintiff complained of head pain. *Id.*, Att. A. The plaintiff admits that, on the advice of his lawyer, he

did not pursue a worker's compensation remedy. *Id.*, Att. C. The plaintiff alleges that during the incident Schreck was "inappropriately hollering, cursing and acting in a belligerent manner," had behaved so in previous encounters, was never reprimanded, and created an atmosphere of "fear, danger and tension." Compl. ¶¶ 12, 20, 22. The plaintiff further alleges that, as a result of the defendants' actions, he "sustained and continues to . . . sustain injuries including physical, emotional and financial injuries, a concussion, headaches, dizziness, memory problems, concentration problems, depression, nightmares, abdominal problems, severe emotional distress, loss of dignity, loss of earning capacity, loss of wages, medical bills and loss of income." *Id.* ¶ 63. He seeks five million dollars in compensatory and punitive damages. *Id.* at 11.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable

inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*

The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006).  Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."  *Greene*, 164 F.3d at 675.

**B. The Plaintiff's Sole Remedy for his Workplace Injuries is the WCA**

The defendants argue that the WCA precludes the plaintiff from bringing suit under common-law torts for the injuries sustained at his workplace.  Defs.' Mot. for Summ. J. at 5.  The plaintiff urges the court to find the defendants estopped from raising this challenge, coming as it does years after the commencement of the suit.  Pl.'s Opp'n at 2-3.  In the alternative, the plaintiff argues that, in the absence of a pertinent agency's determination that the WCA precludes suit, this court should stay the case rather than grant judgment for the defendants.  *Id.* at 3.  And,

finally, the plaintiff submits that because "[t]he [p]laintiff's job did not ordinarily expose him to the risk of being struck in the head by a supervisor," the court should conclude that "Schreck's outrageous conduct falls outside the scope of worker's compensation," especially as the damages sustained by the plaintiff are not recoverable under worker's compensation law. *Id.* at 4. The defendants insist that they did sound these defenses in their answers to the plaintiff's complaint, but that proceedings were delayed while the plaintiff sought a new attorney. Defs.' Reply at 3.[1]

The WCA is the exclusive remedy for a workplace injury. *See* D.C. Code § 32-1504(a) (providing that liability under the WCA "shall be exclusive and in place of all liability of such employer to the employee"); *Legesse v. Rite Aid Corp.*, 2007 WL 1191827, at *2 (D.D.C. Apr. 23, 2007); *Everson v. Medlantic Health Care*, 414 F. Supp. 2d 77, 86 (D.D.C. 2006). The only injuries that fall outside the scope of the WCA are "injuries specifically intended by the employer to be inflicted on the particular employee who is injured." *Clements v. Ace Cash Express, Inc.*, 2005 WL 1490005, at *1 (D.D.C. June 23, 2005) (quoting *Grillo v. Natl. Bank of Wash.*, 540

---

[1] Although some courts take the position that an affirmative defense may not be raised for the first time in a motion for summary judgment, *see. e.g.*, *Roe v Sears, Roebuck & Co.*, 132 F.2d 829, 832 (7th Cir. 1943) (holding that defendant may not raise unpleaded affirmative defense on motion for summary judgment "unless relieved from his default" occasioned by his failure to plead the defense), the prevailing view is that a party may do so, especially where the plaintiff has notice of the defense, *Northwestern Bank v First Virginia Bank*, 585 F Supp. 425, 429 (W.D. Va. 1984). However, this is not the case here, as the defendants did raise the defense of worker's compensation exclusivity in their respective answers to the complaint. Def. Schreck's Answer at 6; Def. WMATA's Answer at 6. Thus, Federal Rule of Civil Procedure 8(c)'s responsive pleading requirement is not offended. The plaintiff complains that this affirmative defense would have been more properly raised earlier in a motion to dismiss. But, as a defendant may move for failure to state a claim at any time before the end of trial, and as the plaintiff has had ample notice as well as an opportunity to respond, the court cannot discern any prejudice in considering the argument on the merits. *See* Fed. R. Civ. P 12(h)(2) (providing that a defense of failure to state a claim may be raised at any time before the conclusion of trial); *see also McIntosh v. Antonino*, 71 F.3d 29, 38 (1st Cir. 1995) (describing appellant's assertion that defendants waived affirmative defense by failing to move for judgment earlier in proceedings as having "no foothold in the law").

A.2d 743, 744 (D.C. 1988)).  Thus, the WCA specifically covers injuries that are the result of wilful and intentional conduct of either a fellow employee or a third party, so long as the *employer* did not intend those parties' actions.  *See id.* at 751; *Tatum v. Hyatt Corp.*, 918 F. Supp. 5, 8 (D.D.C. 1994) (granting summary judgment to defendant because common-law claims of assault and intentional infliction of emotional distress were predicated on actions of fellow employee, which employer did not intend).  WCA coverage also extends to claims for emotional distress or mental anguish where the underlying cause or tort is covered by the WCA.  *See Legesse*, 2007 WL 1191827, at *2 (citing *Tredway v. District of Columbia*, 403 A.2d 732, 735 (D.C. 1979) (barring suit even though Federal Employees' Compensation Act[2] failed to remedy full extent of mental damages)).

   As a threshold matter, there is no question that WMATA is a workplace subject to the provisions of the WCA.  *See* Def.'s Mot. for Summ. J. at 2, Att. A (copy of injury report to D.C. Office of Workers' Compensation).  Whether the injuries alleged by the plaintiff are covered by the WCA depends on whether those injuries "arose out of" and "occurred in the course of" his employment under WMATA.  The basis of the plaintiff's complaint and the underlying cause of the plaintiff's emotional distress claim is the assault by defendant Schreck, which occurred on July 23, 2002 at the plaintiff's workplace.  The assault was allegedly perpetrated on plaintiff by a fellow employee; thus, even though wilful and intentional, it still falls squarely within the bounds of WCA coverage.  *Clements*, 2005 WL 1490005, at *1; *Tatum*, 918 F. Supp. at 8; *see Clark v.*

---

[2]   "The Federal Employees' Compensation Act uses the same causal test as the Longshoremen's and Harbor Workers' Compensation Act, which was the predecessor to the District of Columbia Workers' Compensation Act and is similar [to it] in all relevant aspects." *Clark v. Dist. of Columbia Dep't of Employment Servs.*, 743 A.2d 722, 729 n.5 (D.C. 2000) (internal citations and quotations omitted).

*Dist. of Columbia Dep't of Employment Servs.*, 743 A.2d 722, 727 (D.C. 2000) (explaining that it is only "when it is clear that the employment contributed nothing to the episode, whether by endangering or exacerbating the quarrel or facilitating the assault," that an injury should be held to be noncompensable under the WCA) (quoting LARSON, 1 LARSON'S WORKERS' COMPENSATION LAW, § 3.05 (1999)).

Though the plaintiff claims that defendant Schreck engaged in an "outrageous" pattern of harassing and abusive behavior toward him, these actions also fall within the scope of the WCA as injuries resulting from the conduct of a fellow employee or third party, especially as the plaintiff avers that Schreck's actions were intended to discipline him as an employee for his mistake. *Id.*; *see also Harrington v. Moss*, 407 A.2d 658, 662 (D.C. 1979) (holding that "an injury suffered from an assault may arise out of employment within the meaning of the [WCA] if the reason for the assault is a quarrel having its origin in work"). The plaintiff even concedes in his complaint that the injuries were inflicted "during the course of the Plaintiff's employment," Compl. ¶ 18, by Schreck "acting under his authority as the [] WMATA managerial position of supervisor," Compl. ¶ 19. *See Georgetown Univ. v. Dist. of Columbia Dep't of Employment Servs.*, 830 A.2d 865, 872 (D.C. 2000) (explaining that an "injury arises out of employment so long as it would not have happened but for the fact that conditions and obligations of the employment placed claimant in the position where she was injured").

As the WCA is the sole remedy available for workers covered under the WCA, the plaintiff's complaint is derailed, since he is precluded from seeking remedies other than those provided for in the WCA. D.C.Code § 36-304(b). Summary judgment for the defendants rather than a stay of litigation is appropriate as "[t]he law in this jurisdiction is explicit about the

7

breadth of the coverage of the WCA." *Tatum*, 918 F. Supp. at 8 (granting summary judgment for defendants because WCA was exclusive remedy for the plaintiff's injury); *Legesse*, 2007 WL 1191827, at *2; *Joyner v. Sibley Memorial Hosp.*, 826 A.2d 362, 374 (D.C. 2003) (recommending dismissal when injuries are "clearly not compensable under the statute"); *see Clements*, 2005 WL 1490005, at *2 n.4 (choosing to dismiss rather than stay action because of lack of substantial question). The WCA's application does not present a substantial question warranting a stay to enable an administrative agency to determine coverage in the first instance. Therefore, the court grants the defendants' motion for summary judgment on the basis that the complaint fails to state a claim because the WCA precludes suit.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion for summary judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of June, 2008.

RICARDO M. URBINA<br>
United States District Judge